# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GREAT LAKES REINSURANCE (UK), )
PLC, )
                                   )
         Plaintiff, )
                                   )      CIVIL ACTION
v. )
                                   )      No. 12-1472-KHV
SHAWN HAYDEN d/b/a HAYDEN )
OPERATING, )
                                   )
         Defendant. )
                                   )

## MEMORANDUM AND ORDER

On April 3, 2011, a grass fire damaged and destroyed property of Shawn Hayden d/b/a Hayden Operating. Great Lakes Reinsurance (UK) PLC brings suit for declaratory judgment that its insurance policy does not cover the destroyed and damaged property. This matter is before the Court on defendant's Motion To Dismiss (Doc. #9) filed March 3, 2013. For the following reasons the Court overrules the motion.

## Legal Standard

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679-80.

**Factual Background**

The complaint alleges the following facts.

Great Lakes Reinsurance issued an insurance policy providing coverage for damage to certain equipment owned by Hayden Operating. On April 3, 2011, a grass fire damaged and destroyed property owned by Shawn Hayden d/b/a Hayden Operating. Hayden claimed losses of $100,000. The parties dispute whether the insurance policy covers the property damaged and destroyed by the fire. According to Great Lakes Reinsurance, the policy only covered "Liz 3" (a.k.a. Liz Smith #3), which the policy describes as a salt water disposal well located "in the open" within "a dike." Following an investigation of the loss, Great Lakes Reinsurance determined that its policy did not cover the damaged property. On September 7, 2011, Great Lakes Reinsurance denied coverage, finding that the fire did not destroy the Liz Smith #3, but only destroyed business and personal property around a small storage building located some distance away from, but adjacent to, Liz Smith #3.

On October 17, 2012, counsel for Hayden Operating objected to the denial of coverage and submitted an inventory of destroyed business and personal property. The list included items not submitted in the original inventory of losses and exceeded the original stated value of $100,000. The Great Lakes Reinsurance policy contains a 12-month contractual limitation on filing suit on a claim.

Great Lakes Reinsurance seeks a declaratory judgment that the policy does not cover the loss of any property that was damaged or destroyed by the fire on April 3, 2011, and that all claims which Hayden could have brought for damages arising out of the fire are barred by the 12-month contractual limitation on filing suit. On April 3, 2013, in the District Court of Haskell County,

Kansas, Hayden sued Great Lakes Reinsurance and four others. According to Hayden, "the same issues between the parties to this action are also a part of Shawn Hayden d/b/a Hayden Operating v. Great Lakes Reinsurance (UK) PLC, Stanley Brown d/b/a Midwest Regional Agency, Bell & Clements Limited, Chris-Leef General Agency, Inc., and Marie Katie Limon d/b/a Limon Agency, case number 13-CV-11 filed in the District Court of Haskell County, Kansas on April 3, 2013." Notice Of Concurrent State Court Action (Doc. #13) at 1. The Court takes judicial notice that the case is pending. See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979); see also Notice Of Concurrent State Court Action (Doc. #13) filed April 18, 2013 at 1 (asking Court to take judicial notice of "pendency thereof").[1]

## Analysis

Under Rules 12(b)(1), (6) and (7), Fed. R. Civ. P., defendant moves to dismiss for lack of subject matter jurisdiction, failure to state a claim and failure to join a necessary party under Rule 19, Fed. R. Civ. P. Defendant does not distinguish between his requests for dismissal under 12(b)(1) and (6). He simply argues that the Court should decline jurisdiction under the Declaratory

---

[1] On April 18, 2013, Hayden filed a Notice Of Concurrent State Court Action (Doc. #13), which counsel labeled "REPLY" on the docket sheet. This "reply" notifies the Court that Hayden sued Great Lakes Reinsurance and four others in state court, and that the state-court case raises the questions at issue in this case. See Notice Of Concurrent State Court Action (Doc. #13) at 1. It also asks the Court to take judicial notice of "the pendency" of the state-court action.

Under D. Kan. Rule 6.1(d)(2), Hayden's reply was due on April 12, 2013. He did not request an extension of time to file a reply, and "[a]bsent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires." D. Kan. R. 6.1(a)(4). He did not seek leave to file a reply after the deadline and has not attempted to show excusable neglect. The Court will take judicial notice that Hayden's state-court case is pending, see St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979), but otherwise disregards his "reply." The "reply" is objectionable for another reason too: it raises new arguments regarding Colorado River abstention. The Court will not consider new arguments raised in a reply brief. Continental Coal, Inc. v. Cunningham, 511 F. Supp.2d 1065, 1077 (D. Kan. 2007).

Judgment Act, 28 U.S.C. § 2201. Under Rule 12(b)(7), defendant argues that various intermediaries involved in consummating the insurance policy agreement are required parties because they might be liable to defendant.

**I.      Declaratory Judgment Act**

The Declaratory Judgment Act states in part that "[i]n a case of actual controversy," the Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A live controversy between the parties exists here – plaintiff contends that its insurance policy did not cover the damage which the grass fire caused to defendant's property, while defendant contends that the policy did (or should have, had defendant's agents not "dropped the ball"). But even when a suit otherwise satisfies the prerequisites of subject matter jurisdiction, the Court has discretion to determine whether and when to entertain an action under the Declaratory Judgment Act. Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). In determining whether to exercise its discretion, the Court considers (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether an alternative remedy is better or more effective. Mid-Continent Cas. Co. v. Village at Deer Creek Homeowners Ass'n, Inc., 685 F.3d 977, 80-81 (10th Cir. 2012); State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 982-83 (10th Cir. 1994).

Here, the first Mhoon factor weighs in favor of plaintiff.[2] This declaratory judgment action will settle the issue whether defendant's insurance policy covers the loss caused by the grass fire. Defendant contends that plaintiff's claim is ill-suited for a declaratory judgment action because it involves numerous factual issues regarding what property was damaged and what property the policy covered. Just because a "dispute turns upon questions of fact does not withdraw it . . . from judicial cognizance. The legal consequences flow from the facts and it is the province of the courts to ascertain and find the facts in order to determine the legal consequences. That is everyday practice." Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 242 (1937). Defendant also contends that this action will not resolve his claims against plaintiff's agents for failing to include coverage for certain damaged property in the policy. As discussed in more detail below, defendant does not identify who these "agents" or "intermediar[ies]" might be.[3] He also does not

---

[2] Some courts have resolved the first two Mhoon factors in favor of exercising jurisdiction when a declaratory judgment action would settle the immediate controversy between the parties to the action. Mid-Continent Cas. Co. v. Village at Deer Creek Homeowner's Ass'n, Inc., 685 F.3d 977, 982 n 3 (10th Cir. 2012) (citing Nw. Pac. Indem. Co. v. Safeway, Inc., 112 F. Supp.2d 1114, 1120 (D. Kan. 2000)). Others have found that the first two Mhoon factors counsel against exercising jurisdiction when the declaratory judgment action would leave unresolved related issues in parallel state court proceedings. Id. (citing Qwest Commc'ns Int'l, Inc. v. Thomas, 52 F. Supp.2d 1200, 1207 (D. Colo. 1999)). Different factual situations might explain these "seemingly differing standards." Id. (quoting Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 555 (6th Cir. 2008)). For example,

> [i]n some cases, the likelihood a declaratory judgment will resolve the immediate dispute between the parties may tip the scales in favor of exercising jurisdiction. In others, the existence of outstanding claims in a parallel state court action may counsel a different conclusion. Especially relevant may be whether the state court action would necessarily resolve the issues in the declaratory judgment action.

Id. (quoting Scottsdale Ins. Co., 513 F.3d at 555).

[3] To the extent that the caption of defendant's state-court case lists the names of
(continued...)

explain what legal theory would entitle him to relief against plaintiff's agents.[4]  Moreover, if defendant could recover from these unnamed agents and intermediaries, he does not explain why he could not bring third-party claims against them.

The second Mhoon factor also weighs in favor of plaintiff because this suit will serve a useful purpose in clarifying the legal relationship between the parties. The Declaratory Judgment Act "enables parties uncertain of their legal rights to seek a declaration of rights prior to injury." Kunkel v. Cont'l Cas. Co., 866 F.2d 1269, 1274 (10th Cir. 1989) (citing S. Rep. No. 1916, 83rd Cong., 2d Sess. 1, reprinted in 1954 U.S. Code Cong. & Admin. News 3389).  As discussed above, this declaratory judgment action would clarify the legal relationship between plaintiff and defendant. It will resolve what of defendant's property damage, if any, plaintiff is obligated to cover under the insurance policy.

The third Mhoon factor regarding procedural fencing is neutral. Defendant contends that plaintiff has abused the declaratory judgment procedure to force this case into federal court (really, any court). He argues that plaintiff won the race to the courthouse by delaying disclosure of a list of insured property, thereby forestalling defendant's state-court action. According to defendant, if plaintiff had not used "stall then file first" tactics, defendant would have sued Kansas residents, and possibly plaintiff, in state court and the case would not have been removable. Yet defendant states

---

[3](...continued)
additional "agents" or "intermediar[ies]," defendant does not explain who they are or why they might be relevant to this case.

[4]  In response to defendant's motion, plaintiff states that as to its agents, "only the disclosed principal is liable on a contract executed by its agent with a third party. . . . If [defendant] decides to sue to enforce policy terms and conditions, he only needs to sue [plaintiff] to obtain complete relief." Response To Motion To Dismiss (Doc. #12) filed March 29, 2013. Defendant has not challenged plaintiff's assertion.

that he "did not suggest or threaten litigation against Plaintiff" and hoped to "avoid[] litigation." Memorandum In Support Of Defendant's Motion To Dismiss (Doc. #10) filed March 8, 2013 at 1, 9. Nevertheless, in response to this case and presumably to buttress his motion to dismiss, on April 3, 2013, defendant sued plaintiff and several others in the District Court of Haskell County, Kansas.

Although procedural considerations may have influenced plaintiff's decision to bring this action, plaintiff had good reason to file first. Plaintiff denied defendant's claim more than a year-and-a-half ago, and at the time plaintiff filed suit defendant still had not sued anyone for property damage as a result of the fire, and had indicated that it might not sue plaintiff. Without a decision regarding its liability, plaintiff faced continuing uncertainty regarding whether it would be on the hook for defendant's losses. Defendant argues that plaintiff had to bear this uncertainty until he finally decided to sue. The Declaratory Judgment Act, however, was enacted to enable parties to avoid the burden of this uncertainty. See Kunkel, 866 F.2d at 1274; Delaney v. Carter Oil Co., 174 F.2d 314, 317 (10th Cir. 1949) (citing Borchard on Declaratory Judgments, 2d ed., p. 283 and 927-32) (one of "highest offices" of declaratory procedure to remove uncertainty and insecurity from legal relations").

On this record, the weight of the fourth Mhoon factor is unclear. In weighing this factor, which considers whether a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction, courts have looked to the nature of the claim, see Mid-Continent Cas. Co., 685 F.3d at 986; United States v. City of Las Cruces, 289 F.3d 1170, 1190 (10th Cir. 2002), and have emphasized the importance of avoiding "fact-dependent issues . . . likely to be decided in another pending proceeding," Kunkel, 866 F.2d at 1276. See St. Paul Fire

and Marine Ins. Co. v. Runyon, 53 F.3d 1167, 1169-70 (10th Cir. 1995) (affirming dismissal of declaratory judgment action based on Mhoon factors; emphasizing that state court case would resolve question of insurance contract coverage); Continental W. Ins. Co. v. Robertson Tank Serv., Inc., No. 12-1087-KHV, 2013 WL 1447067, at *3 (D. Kan. April 9, 2013) (fourth Mhoon factor "revolves around" whether declaratory judgment action involves key fact issues before court in underlying lawsuit).

The fact that this case involves state-law insurance contract claims favors declining to exercise jurisdiction. See Mid-Continent Cas. Co., 685 F.3d at 986; see also Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494-95 (1942). But the Court should also "ascertain whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court." Brillhart, 316 U.S. at 495. This "may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there," including "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." Id. Defendant has not provided any of this information. He has only stated that he sued plaintiff and others in state court, and that the state-court case involves "the same issues." Notice of Concurrent State Court Action (Doc. #13) at 1. The Court has taken judicial notice that defendant's state-court case is pending, but it knows nothing of the parties, claims or defenses involved. It is possible that entertaining this suit could produce substantial friction between federal and state court, thus warranting dismissal. See CZ-USA v. Timber Valley Assocs., Inc., No. , 2012 WL 3442105, at *4 (D. Kan. Aug. 14, 2012) (dismissing declaratory judgment action where most important factors, those involving comity, federalism and judicial economy weigh in favor of

dismissal). But on this record, the Court cannot adequately assess whether this action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction.

On this record, the weight of the fifth Mhoon factor is also unclear. In determining whether an alternative remedy exists that is better or more effective, courts typically look to pending state-court proceedings to determine whether they provide a more appropriate vehicle for resolving the parties' dispute. Defendant argues that its state-court lawsuit provides a better or more effective remedy. But again, defendant has provided no information about that lawsuit, except that it is pending, it involves plaintiff and others and includes the "same claims" as this case. Based on defendant's vague description of his state-court suit, on this record the Court cannot say that it would provide a better or more effective remedy.

For the reasons stated above, on this record, the Mhoon factors slightly favor allowing plaintiff' declaratory judgment action to proceed in this Court.

## II. Failure To Join Indispensable Party

Alternatively, under Rule 12(b)(7), Fed. R. Civ. P., defendant asks the Court to dismiss the complaint for failure to join necessary and indispensable parties, namely "one or more of the 'go-betweens' in the application process." Memorandum In Support Of Defendant's Motion To Dismiss (Doc. #10) at 9.

Determining whether absent parties are indispensable requires a two-part analysis. Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr., 94 F.3d 1407, 1411 (10th Cir. 1996). Under Rule 19(a), Fed. R. Civ. P., the Court must first determine whether the parties are "required" for the suit. A party is "required" if (1) "in that person's absence, the court cannot accord complete relief among

existing parties"; or (2) "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may" – (a) "as a practical matter impair or impede the person's ability to protect the interest" or (b) "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." If a party is "required," it must be joined if joinder is feasible. See Fed. R. Civ. P. 19(a); Rishell, 94 F.3d at 1411.

If the absent party is necessary but cannot be joined, under Rule 19(b) the Court must determine whether the party is indispensable, i.e. whether " in equity and good conscience, the action should proceed among the existing parties or should be dismissed." In doing so, the Court considers:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>    (A) protective provisions in the judgment;
>    (B) shaping the relief; or
>    (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). Whether to dismiss an action under Rule 19 is left to the Court's broad discretion. Citizen Band Potawatomi Indian Tribe of Okla. v. Collier, 17 F.3d 1292, 1293 (10th Cir. 1994). The Court applies these standards "in a practical and pragmatic but equitable manner." Rishell, 94 F.3d at 1411 (quoting Francis Oil & Gas, Inc. v. Exxon Corp., 661 F.2d 873, 878 (10th Cir. 1981)). As the moving party, defendant "has the burden of persuasion in arguing for dismissal." Id. (quoting Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990)). He must "produc[e]

-10-

evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." Citizen Band, 17 F.3d at 1293.

Defendant mentions the "London 'intermediary' identified in the policy" as a potential indispensable party, and has notified the Court that in state court he sued Stanley Brown d/b/a Midwest Regional Agency, Bell & Clements Limited, Chris-Leef General Agency, Inc. and Marie Katie Limon d/b/a Limon Agency, in addition to plaintiff. But he does not specifically identify these or any other "go-betweens." Memorandum In Support Of Defendant's Motion To Dismiss (Doc. #10) at 9. Without citing any authority, defendant argues that because plaintiff brought this declaratory judgment action "solely for forum shopping against Western Kansas parties and witnesses, . . . the case should be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(7)." Id. The Court fully considered defendant's arguments regarding forum shopping in determining whether to exercise jurisdiction under the Declaratory Judgment Act, but it is unclear how they are relevant to whether the third parties that defendant has in mind can or must be joined under Rule 19. On this record, defendant has not carried his burden of showing that the mysterious "agents," "intermediaries" and "go-betweens" are required and indispensable parties who cannot be joined.

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss (Doc. #9) filed March 3, 2013, be and hereby is **OVERRULED**.

Dated this 20th day of May, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge